**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
DIANA SANCHEZ and NATALIA SANCHEZ,

Plaintiffs,

-against-

PARK AVE. APARTMENTS LLC, MOSHE PILLER, and ISAAC FRIED,

Defendants.
---------------------------------------------------------------X

**23-CV-07081 (VF)**

**ORDER OF DISMISSAL**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

In this action under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties, having reached an agreement to resolve the action, have placed their proposed amended settlement agreement before this Court for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Souza v. 65 St. Marks Bistro, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).

On September 22, 2025, the parties submitted a joint letter motion in support of the settlement (ECF No. 53) and proposed settlement agreement (the "Agreement") (ECF No. 53-1). The Court has reviewed the Agreement, corresponding letter, and supporting documentation to determine whether the Agreement represents a reasonable compromise of the claims asserted in this action. Consistent with the contingency fee arrangement set forth in Plaintiffs' retainer agreement, Plaintiffs' counsel seeks $19,249.13 in attorneys' fees and costs, representing an

amount not greater than one-third of the $57,000 settlement fund. See ECF No. 53 at 6. It is well-settled that "one-third of the total award is the customary contingency percentage in FLSA cases." Wynne v. City of New York, No. 23-CV-9955 (DEH) (GWG), 2024 WL 5049770, at *4 (S.D.N.Y. Dec. 10, 2024) (quoting Garcia v. Atlantico Bakery Corp., No. 13-CV-1904 (JCF), 2016 WL 3636659, at *1 (S.D.N.Y. June 29, 2016) (collecting cases)).

Further, the Court notes that in addition to a release of Plaintiffs' wage-and-hour claims, the parties have agreed to a "$3,000.00 offset [of the settlement fund] borne between Plaintiff Diana Sanchez and counsel to secure a complete release of all claims Defendants may have had arising from Plaintiff's tenancy"[1] (ECF No. 53 at 3), under which Defendants will "forever discharge Plaintiffs from any and all causes of action . . . with respect to . . . Plaintiffs' occupancy in any building owned by Defendants, whether known or unknown" and "cancel and otherwise use best efforts to terminate any enforcement efforts relating to [a separate Housing Court action]" (ECF No. 53-1 at 6, 7). But "[t]he mere fact that the parties have memorialized the settlement of their FLSA and non-FLSA claims in a single document should not render that settlement deficient," as "[t]he formalism of two agreements does not play a significant role in 'prevent[ing] abuses by unscrupulous employers [or] remedy[ing] the disparate bargaining power between employers and employees,' especially where, as here, [P]laintiffs are represented by competent counsel." See Chowdhury v. Brioni Am., Inc., No. 16-CV-344 (HBP), 2017 WL 5953171, at *6 (S.D.N.Y. Nov. 29, 2017) (quoting Cheeks, 796 F.3d at 207); see also Kassman v. KPMG LLP, No. 11-CV-3743 (LGS), 2021 WL 1393296, at *4 (S.D.N.Y. Apr. 12, 2021) (concluding that "where the parties are also resolving non-FLSA claims, a general release may be appropriate").

[1] Plaintiff Diana Sanchez occupied an apartment unit owned by Defendants until May 2025. ECF No. 53 at 3.

Given the totality of the relevant circumstances, including the representations made in the parties' letter and the terms of the Agreement, it is hereby **ORDERED** that:

1. The Court finds that the terms of the proposed settlement agreement are fair, reasonable, and adequate, both to redress Plaintiffs' claims in this action and to compensate Plaintiffs' counsel for their legal fees, and the agreement is therefore approved.
2. This Court will retain jurisdiction over this matter for the purpose of enforcing the settlement agreement, if necessary.
3. As a result of the Court's approval of the parties' proposed settlement, this action is hereby discontinued with prejudice and without costs, provided, however, that, within 30 days of the date of this Order, if any aspect of the written documentation of the settlement is not completed, then Plaintiffs may apply by letter for the restoration of the action to the active calendar of the Court.
4. The Clerk of Court is directed to close this case.

**SO ORDERED.**

DATED: New York, New York
July 20, 2026

VALERIE FIGUEREDO
United States Magistrate Judge